**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**GREENEVILLE DIVISION**

| | | |
|---|---|---|
| ERICA MILLER, for the use and benefit of herself or alternatively, KINISON MILLER; her minor child, | ) ) ) ) | |
| PLAINTIFF | ) ) | |
| v. | ) ) | CASE NO. _____ |
| DRAFTKINGS, INC., a foreign corporation, | ) ) | |
| DEFENDANT. | ) | |

<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. §§ 1331, 1332 and 1367, Defendant DraftKings, Inc. (hereafter "DraftKings") hereby removes this action—with reservation of all defenses and rights including but not limited to DraftKings' right to compel arbitration—from the Chancery Court of Greene County, Tennessee for the Third Judicial District at Greeneville to the United States District Court for the Eastern District of Tennessee, Greeneville Division. As grounds for this removal DraftKings shows the Court as follows:

**I.    <u>BACKGROUND</u>**

1.    On April 1, 2016, Plaintiff Erica Miller filed this lawsuit in the Chancery Court of Greene County, Case No. CH-2016-CV-116 (the "State Court Action"). DraftKings was served with the State Court Action on April 5, 2016.

2.    Plaintiff filed the State Court Action purportedly "for the Recovery of Gambling and Wagering Losses and Lottery Losses incurred by her spouse," based on sums Plaintiff

alleges that her husband used to enter daily fantasy sports ("DFS") contests on DraftKings.com. (Compl. ¶¶ 1, 7.)

3.      Plaintiff asserts that DFS contests offered on DraftKings' website "constitute the unlawful operation of gambling activities" under Tennessee Code Annotated § 37-17-501(1). (*Id.* ¶ 8.)  Plaintiff claims that she is therefore entitled to recover the "total net loss" incurred by her husband between January 1, 2015 through April 6, 2015.  (*Id.* ¶ 26.)

4.      In addition, Plaintiff requests that she be allowed to amend her complaint to "conform to the discovery and evidence obtained in this action," and she requests both compensatory damages as well as "such further relief as the Court may deem just and proper," in unspecified amounts.  (*Id.* at pp. 12–13.)

5.      This Court has subject matter jurisdiction over this action and all claims asserted against DraftKings pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

6.      Because this Court has subject matter jurisdiction over this action, removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 97(a) and 1441(a) because the United States District Court for the Eastern District of Tennessee, Greeneville Division is the federal judicial district embracing the venue where the State Court Action was filed.

8.      This Notice of Removal is timely and filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty days after April 5, 2016, the date on which DraftKings was served.

9.     Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon DraftKings as of the date of this filing are attached as <u>Exhibit A</u>.

10.     Pursuant to 28 U.S.C. § 1446(d), DraftKings has filed this Notice with this Court, is serving a copy of this Notice upon counsel for all parties, and is filing a Notice of Filing of Notice of Removal in the State Court Action.  A copy of the Notice of Filing of Notice of Removal is attached as <u>Exhibit B</u>.

## II.     <u>DIVERSITY JURISDICTION EXISTS</u>

11.     As set forth in the Complaint, Plaintiff "is an individual resident of Greene County, Tennessee" (Compl. ¶ 5), and DraftKings is "a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 225 Franklin Street, 26th Floor, Boston, Massachusetts 02110" (*Id*. ¶ 6).  Because Plaintiff is a resident of a different state than DraftKings, under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties to this action.

12.     This Court has subject matter jurisdiction based on diversity of citizenship because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).

13.     Specifically, the amount in controversy exceeds the jurisdictional minimum because the amount of allegedly compensatory damages plus other potentially available recoveries is more than $75,000.  DraftKings has reviewed its records and confirmed that between January 1, 2015 and April 6, 2015, the net difference between the amounts that Plaintiff's spouse, Kenneth Miller, paid to enter DFS contests on DraftKings.com and the

monetary prizes he received from entering those contests is $57,046.80.[1]  In addition to this amount, Plaintiff has put into controversy at least another $20,000 because of the potential for punitive damages on these claims.   Plaintiff's counsel has brought similar actions against DraftKings and has previously asserted that punitive damages are appropriate and recoverable in actions, like this one, brought by spouses of DraftKings customers who are asserting that DraftKings' DFS contests constitute "illegal gambling."   (*See* <u>Exhibit C</u>, *Grace Walls v. DraftKings, Inc.*, originally filed as No. CT-4631-IS (Tenn. Cir. Ct.), Compl. ¶ 1 (asserting that "Punitive Damages" are available "in order to remedy Defendant's wholesale promotion of (and profiting from) gambling, wagering and illegal lotteries in Tennessee in violation of express Tennessee statutory law and Tennessee's Constitution").

14.     While Plaintiff does not expressly plead punitive damages here, Tennessee Rule of Civil Procedure 54.03 allows plaintiff to recover damages in excess of those that may be expressly demanded in the Complaint.[2]  DraftKings' records regarding the entry fees at issue, when coupled with Plaintiff's counsel's own allegations that punitive damages are available in actions just like this one, demonstrate that it is more likely than not that the total amount at issue exceeds $75,000.  Therefore, federal jurisdiction is proper.  *See Pendergrass v. Time Ins. Co.*,

---

[1]     Plaintiff claims that, according to her records, "the total net loss incurred by Plaintiff's spouse during this time period is exactly $46,440.00" (Compl. ¶ 26), but, as noted above, DraftKings' records from the same time period indicate that the sum is $57,046.80.  That said, DraftKings disputes that it is liable to or harmed Plaintiff, and disputes Plaintiff's purported entitlement to any recovery from DraftKings.

[2]     The Rule provides, with exceptions not relevant here, that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings; but the court shall not give the successful party relief, though such party may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief."  Tenn. R. Civ. P. 54.03.

No. 09-cv-215, 2010 WL 989154 (W.D. Ky. Mar. 12, 2010) (considering punitive damages "in determining the amount in controversy" and denying motion to remand, notwithstanding plaintiff's assertion that his expenses only totaled $35,000, based on the total recovery potentially available).

15.     Because the amount in controversy requirement is met and, as shown above, there is complete diversity of citizenship between the parties, removal of this case to this Court is appropriate under 28 U.S.C. § 1441(b).

16.     WHEREFORE, pursuant to 28 U.S.C. § 1441, DraftKings respectfully removes to this Court the above-referenced State Court Action in its entirety, including all claims and causes of action therein.

Respectfully submitted,

s/ Robert E. Craddock, Jr.
Robert E. Craddock, Jr. (TN Bar # 05826)
WYATT TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
(901) 537-1000 (Telephone)
(901) 537-1010 (Facsimile)
rcraddock@wyattfirm.com

*Counsel for Defendant DraftKings, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed this 29th day of April, 2016 with the Clerk using the Court's CM/ECF system. The undersigned further certifies that a copy of the foregoing Notice of Removal was served upon Counsel for Plaintiffs: Frank L. Watson and William F. Burns, 253 Adams Avenue, Memphis, Tennessee 38103, via U.S. mail, postage prepaid, and email (fwatson@watsonburns.com and bburns@watsonburns.com) this 29th day of April, 2016.

s/ Robert E. Craddock, Jr.
*One of Counsel for Defendant DraftKings, Inc.*

61495977.2